UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

=====================================

THOMAS HILD individually and
on behalf of all others similarly situated

                        Plaintiff,

      -against-

FINANCIAL RECOVERY SERVICES, INC.

                        Defendant.

=====================================

**CLASS ACTION COMPLAINT**

*Introduction*

    1)    Plaintiff Thomas Hild files this Complaint seeking redress for the illegal practices of Financial Recovery Services, Inc., in connection with the collection of a debt allegedly owed by the consumer in violation of the Fair Debt Collection Practices Act, ("FDCPA"), 15 U.S.C. § 1692, et seq. ("FDCPA").

    2)    Plaintiff is a citizen of the State of New York who resides within this District.

    3)    Plaintiff is a consumer as that term is defined by 15 U.S.C. § 1692(a)(3) of the FDCPA.

4) The alleged debt that Defendant sought to collect from the Plaintiff involves a consumer debt.

5) Upon information and belief, Defendant's principal place of business is located within Minneapolis, Minnesota.

6) Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

7) Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### *Jurisdiction and Venue*

8) This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

9) Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

### *Allegations Particular to Thomas Hild*

10) Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

11) Within the one year immediately preceding this action, the Defendant left many messages on the Plaintiff's answering machine on numerous occasions.

12) On or about August 30, 2013, Defendant sent the Plaintiff a collection letter seeking to collect a balance allegedly incurred for personal purposes.

13) Said letter states in pertinent part as follows: "The creditor is required to report any settlement amount equal or greater than $600 to the IRS. You should

consult independent tax counsel of your own choosing if you desire advice about any tax consequences which may result from this settlement."

14) Section 1692e of the FDCPA prohibits a debt collector from making false, deceptive, and misleading statements in connection with the collection of a debt.

Section 1692e(10) of the FDCPA prohibits a debt collector from using false representations or deceptive means to collect a debt alleged due.

15) Advising Plaintiff that Financial Recovery Services, Inc.'s client, Cach, LLC, "is required to report any settlement amount equal or greater than $600 to the IRS" is deceptive and misleading in violation of the FDCPA.

16) Section 6050P of the Internal Revenue Code requires that an "applicable entity" report any cancellation or discharge of indebtedness in excess of $600.00 if, and only if, there has occurred an identifiable event described in paragraph (b)(2) of that section.

17) Here, there is no basis to conclude that a triggering event has or will occur requiring Cach, LLC to file a Form 1099-C.

18) The gratuitous reference in a collection letter that a collector's client is required to contact the IRS is a collection ploy which suggests to the least sophisticated consumer that he or she could get in trouble with the IRS for refusal to pay the debt.

19) Said letter violated 15 U.S.C. § 1692e, and 1692e(10), by falsely representing that "The creditor is required to report any settlement amount equal or greater than $600 to the IRS." Such a statement is objectively false. Any settlement

amount may not be reported to the IRS. The law prohibits the Defendant from reporting information about the consumer on a 1099C form unless certain "identifiable events" occur, none of which are applicable to the Plaintiff herein.

20) Said letter is false and deceptive in that it does not explain that it is only under certain limited circumstances that a 1099C Form may be reported to the IRS.

21) Said letter language is false and deceptive in that it does not explain that the Defendant is prohibited from reporting any forgiveness unless and until both Plaintiff and Defendant have reached an "agreement" on the amount of the debt and the amount that is being discharged.

22) Said letter is false and deceptive in that it falsely implies to the least sophisticated consumer that the consumer will have to pay taxes on the difference between what the Defendant claims is owed and what the consumer agrees to pay.

23) Said letter is false and deceptive in that it falsely implies to the least sophisticated consumer that the consumer will have to pay taxes on any forgiven amount of $600 or more without disclosing that 1099C are only issued for principal forgiveness not interest forgiveness.

24) Said letter does not indicate how much of the current debt is interest and how much of it is principal.

25) Said letter fails to disclose to consumers that there is a distinction between principal and interest.

26) The false statements mislead the consumer as to the impact of attempting to settle the matter for less than what the Defendant claims is owed.

27) Said letter violated 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10) by threatening to engage in an act which is legally prohibited. Defendant's statement that "The creditor is required to report any settlement amount equal or greater than $600 to the IRS" as contained within the said letter, could be read by the least sophisticated consumer, as a threat to engage in an act legally prohibited. The language falsely indicates that unless the consumer paid the full amount that the Defendant alleges is owed, the Defendant is going to unilaterally engage in conduct that is prohibited by law.

28) Defendant's actions as described herein also violate § 1692e(8), in that the language contained within the said letter is a threat to report information that the Defendant knows, or should have known to be false. Defendant is not permitted to a file 1099C tax form relating to a consumer unless certain "identifiable events" occur. The threat to file such 1099C tax forms without regard for said. "Identifiable events" is a violation of § 1692e(8). The least sophisticated consumer could read this letter to mean that the Defendant is going to report to the IRS that the entire difference between what the Defendant says is owed, and what the Plaintiff pays, is taxable. The Defendant's letter fails to disclose to consumers that there is a distinction between principal and interest.

29) The Defendant's actions as described herein are also unfair and unconscionable in violation of 15 U.S.C. § 1692f; as well as harassing and abusive in violation of 15 U.S.C. § 1692d.

30) The Defendant's letter gives consumers objectively false and deceptive tax advice.

31) The Defendant's letter could mislead the least sophisticated consumer that unless the consumer pays the entire amount that the Defendant alleges is owed on the alleged debt, the consumer is going to be reported to the IRS.

32) The Defendant's letter could mislead the least sophisticated consumer into believing that unless the consumer pays the entire amount Defendant alleges is owed for the debt, the consumer is going to have to pay taxes on the entire unpaid balance.

33) The Defendant voluntarily chooses to give the tax advice found in the Defendant's letter. No tax law or regulation obligates the Defendant to include the notice regarding tax form 1099C in their collection letters.

34) It is false and deceptive for the Defendant to give erroneous and/or incomplete tax advice to consumers regarding 1099C tax forms.

35) Misrepresentation of a debtor's rights or liabilities under the Internal Revenue Code in connection with the collection of a debt is an FDCPA violation. Kuehn v. Cadle Co., 5:04-CV-432-Oc-10GRJ, 2007 U.S. Dist. LEXIS 25764 (M.D.Fla., April 6, 2007). (This includes a statement that a 1099 must be issued when a 1099 is not required.), Wagner v. Client Services, Inc., 08-5546, 2009 U.S. Dist. LEXIS 26604 (E.D.Pa., March 26, 2009). Many classes have been certified. See Sledge v. Sands, 1998 WL 525433(class certified) and see Follansbee v. Discover Fin. Servs., 2000 U.S. Dist. LEXIS 8724 (N.D. Ill. June 14, 2000). (Granting final approval of the proposed class action settlement and application for attorney fees and incentive award for confusing debt collection letter about canceled debt tax liability.)

## *CLASS ALLEGATIONS*

36) This action is brought as a class action. Plaintiff brings this action individually, and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

37) The identities of all class members are readily ascertainable from the records of Financial Recovery Services, Inc. and those business and governmental entities on whose behalf it attempts to collect debts.

38) Excluded from the Plaintiff's Class are the Defendants and all officers, members, partners, managers, directors, and employees of Financial Recovery Services, Inc., and all of their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

39) There are questions of law and fact common to the Plaintiff's Class, which common issues predominate over any issues involving only individual class members. The principal issues are whether the Defendant's communications with the Plaintiff, such as the above stated claims, violate provisions of the Fair Debt Collection Practices Act.

40) The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

41) The Plaintiff will fairly and adequately protect the interests of the Plaintiff's Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the

Plaintiff nor his attorneys have any interests, which might cause him not to vigorously pursue this action.

42) This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

(a) **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff's Class defined above is so numerous that joinder of all members would be impractical.

(b) **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff's Class and those questions predominate over any questions or issues involving only individual class members. The principal issues are whether the Defendant's communications with the Plaintiff, such as the above stated claims, violate provisions of the Fair Debt Collection Practices Act.

(c) **Typicality:** The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff's Class defined in this complaint have claims arising out of the Defendant's common uniform course of conduct complained of herein.

(d) **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel

      experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

  (e) **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender. Certification of a class under Rule 23(b)(l)(A) of the Federal Rules of Civil Procedure is appropriate because adjudications with respect to individual members create a risk of inconsistent or varying adjudications which could establish incompatible standards of conduct for Defendant who, on information and belief, collects debts throughout the United States of America.

43) Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that Defendant's communications with the Plaintiff, such as the above stated claims is tantamount to declaratory relief and any monetary relief under the FDCPA would be merely incidental to that determination.

44) Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff's Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

45) Further, Defendant has acted, or failed to act, on grounds generally applicable to the Rule (b)(I)(A) and (b)(2) Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

46) Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R.Civ. P. 23(c)(4).

## AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of himself and the members of a class, as against the Defendant.*

47) Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through forty six (46) as if set forth fully in this cause of action.

48) This cause of action is brought on behalf of Plaintiff and the members of a class.

49) The class consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter by Financial Recovery Services, Inc. asserting a debt owed to "Cach, LLC", bearing the Defendant's letterhead in substantially the same form as the letters sent to the Plaintiff on or about August 30, 2013; (a) the collection letter was sent to a consumer seeking payment of a

personal debt; and (b) the collection letter was not returned by the postal service as undelivered, and (c) the Defendant violated 15 U.S.C. §§ 1692d, 1692e, 1692e(5), 1692e(8), 1692e(10), and 1692f, for harassment and by threatening to engage in an act which is legally prohibited.

50)    Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(a) Based on the fact that a collection letter is at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

(b) There are questions of law and fact common to the class and these questions predominate over any question(s) affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

(c) The only individual issue involves the identification of the consumers who received such collection letters (*i.e.* the class members). This is purely a matter capable of ministerial determination from the records of the Defendant.

(d) The claims of the Plaintiff are typical of those of the class members. All of the respective class claims are based on substantially similar facts and legal theories.

(e) The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing

class actions and collection abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

51) A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

52) If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

53) Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

54) The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

55) The Defendant's violation of the Fair Debt Collection Practices Act, entitles the Plaintiff and the members of the class to damages in accordance with the Fair Debt Collection Practices Act.

56) As a direct and proximate result of these violations of the above FDCPA violations, Plaintiff and class members have suffered harm and are entitled to

preliminary and permanent injunctive relief, and to recover actual and statutory damages, costs and attorney's fees.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment in Plaintiff's favor and against the Defendant and award damages as follows:

a) Statutory and actual damages provided under the FDCPA, 15 U.S.C. § 1692(k); and

b) Attorney fees, litigation expenses and costs incurred in bringing this action; and

c) An order enjoining and directing Defendant to comply with the FDCPA in its debt collection activities, including without limitation:

Directing Defendant to cease engaging in debt collection practices that violate the FDCPA; and

Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Brooklyn, New York
August 27, 2014

/s/ David Palace
**Law Offices of David Palace** (DP 3855)
383 Kingston Ave. #113
Brooklyn, New York 11213
Telephone: 347-651-1077
Facsimile: 347-464-0012

Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.

                                            <u>/s/ David Palace</u>
                                            David Palace Esq. (DP 3855)

DEPT 813      7275286513080
PO BOX 4115
CONCORD CA  94524

**FINANCIAL RECOVERY SERVICES, INC.**
P.O. Box 385908
Minneapolis, MN  55438-5908
1-877-740-9746

Return Service Requested

AUGUST 30, 2013

IVJ504
THOMAS HILD
1430 E 8TH ST
BROOKLYN NY 11230-6403

CLIENT: CACH LLC
CURRENT CREDITOR: CACH, LLC
REGARDING: GE MONEY RETAIL BANK
ACCOUNT NUMBER: XXXXXXXX9961
BALANCE: $12880.70
SETTLEMENT OFFER: $5152.28

******SUBSTANTIAL DISCOUNT******

WE ARE AUTHORIZED TO SETTLE THE ABOVE LISTED ACCOUNT(S) AT A SUBSTANTIAL DISCOUNT TO YOU!!!!!!!!!

TO MAKE THIS EASIER FOR YOU TO RESOLVE, WE ARE AUTHORIZED TO ACCEPT A SETTLEMENT ON THE ACCOUNT(S) LISTED ABOVE FOR $5152.28.  WHEN YOU HAVE SATISFIED THIS AGREEMENT, THE ACCOUNT(S) WILL BE CONSIDERED SETTLED IN FULL AND YOU WILL BE RELEASED OF ALL LIABILITY RELATING TO THE ABOVE LISTED ACCOUNT(S).  ONCE YOUR SETTLEMENT PAYMENT HAS BEEN PROCESSED, YOUR CREDIT REPORT WILL BE UPDATED BY THE CREDITOR TO REFLECT SETTLEMENT FOR LESS THAN THE FULL BALANCE.

HURRY, THIS OFFER EXPIRES 30 DAYS FROM AUGUST 30, 2013.  WE ARE NOT OBLIGATED TO RENEW THIS OFFER. THE CREDITOR IS REQUIRED TO REPORT ANY SETTLEMENT AMOUNT EQUAL OR GREATER THAN $600 TO THE IRS.  YOU SHOULD CONSULT INDEPENDENT TAX COUNSEL OF YOUR OWN CHOOSING IF YOU DESIRE ADVICE ABOUT ANY TAX CONSEQUENCES WHICH MAY RESULT FROM THIS SETTLEMENT.

IF YOU ARE UNABLE TO TAKE ADVANTAGE OF THIS OFFER, PLEASE CALL OUR OFFICE---WE ARE WILLING TO LISTEN TO ANY OFFERS YOU MAY WISH TO MAKE.  DEPENDING ON YOUR SITUATION, PAYMENTS MAY STILL BE AN OPTION FOR YOU.

SINCERELY,

JON KURTZ
ACCOUNT MANAGER
TOLL FREE: 1-877-740-9746

THIS IS AN ATTEMPT TO COLLECT A DEBT.  ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.  THIS COMMUNICATION IS FROM A DEBT COLLECTOR.  SEE REVERSE SIDE FOR IMPORTANT INFORMATION.

Office hours are:  Monday-Thursday, 7am to 8pm; Friday 7am to 5pm; Saturday 7am to noon.

---

***DETACH AND RETURN THIS PORTION OF THIS NOTICE WITH YOUR PAYMENT***

NOTE: ANY CHECK RETURNED FOR INSUFFICIENT FUNDS OR ACCOUNT CLOSED WILL BE ASSESSED A $15.00 CHARGE.

AMOUNT ENCLOSED:_____

HOME PHONE:_____

WORK PHONE:_____

FINANCIAL RECOVERY SERVICES, INC.
P.O. BOX 385908
MINNEAPOLIS, MN  55438-5908

TOTAL BALANCE DUE: $12880.70
SETTLEMENT OFFER: $5152.28
FRS File#: IVJ504

HURRY, THIS OFFER EXPIRES 30 DAYS FROM AUGUST 30, 2013.
TOLL FREE: 1-877-740-9746
THOMAS HILD
1430 E 8TH ST
BROOKLYN NY 11230-6403



FRS021-0830-391304330 1271

We are required under certain State and Local Laws to notify consumers of those States or Localities of the following rights. This list does not contain a complete list of the rights consumers have under Federal, State, or Local Laws.

## ADDITIONAL INFORMATION FOR CALIFORNIA RESIDENTS

The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov.

## ADDITIONAL INFORMATION FOR COLORADO RESIDENTS

FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE www.coloradoattorneygeneral.gov/ca

COLORADO OFFICE LOCATION: 717 17TH STREET, SUITE 2300, DENVER, CO 80202.
PHONE: 1-866-436-4766

A CONSUMER HAS THE RIGHT TO REQUEST IN WRITING THAT A DEBT COLLECTOR OR COLLECTION AGENCY CEASE FURTHER COMMUNICATIONS WITH THE CONSUMER. A WRITTEN REQUEST TO CEASE COMMUNICATION WILL NOT PROHIBIT THE DEBT COLLECTOR OR COLLECTION AGENCY FROM TAKING ANY OTHER ACTION AUTHORIZED BY LAW TO COLLECT THE DEBT.

## ADDITIONAL INFORMATION FOR MASSACHUSETTS RESIDENTS

NOTICE OF IMPORTANT RIGHTS:

YOU HAVE THE RIGHT TO MAKE A WRITTEN OR ORAL REQUEST THAT TELEPHONE CALLS REGARDING YOUR DEBT NOT BE MADE TO YOU AT YOUR PLACE OF EMPLOYMENT. ANY SUCH ORAL REQUEST WILL BE VALID FOR ONLY TEN DAYS UNLESS YOU PROVIDE WRITTEN CONFIRMATION OF THE REQUEST POSTMARKED OR DELIVERED WITHIN SEVEN DAYS OF SUCH REQUEST. YOU MAY TERMINATE THIS REQUEST BY WRITING TO THE DEBT COLLECTOR.

IF YOU WISH TO DISCUSS THIS MATTER, PLEASE CALL US DIRECT, BETWEEN THE HOURS OF 8 A.M. AND 5 P.M. CST, AT THE NUMBER LISTED ON THE FRONT OF THIS NOTICE. MASSACHUSETTS RESIDENT OFFICE ADDRESS IS: 5230 WASHINGTON ST, WEST ROXBURY, MA 02132 WITH OFFICE HOURS: M-TH 10AM-3PM.

## ADDITIONAL INFORMATION FOR MINNESOTA RESIDENTS

THIS COLLECTION AGENCY IS LICENSED BY THE MINNESOTA DEPARTMENT OF COMMERCE.

## ADDITIONAL INFORMATION FOR NEW YORK CITY RESIDENTS

This collection agency is licensed by the New York City Department of Consumer Affairs. The license number is 1015506.

## ADDITIONAL INFORMATION FOR NORTH CAROLINA RESIDENTS

North Carolina Department of Insurance permit number: 3917.

## ADDITIONAL INFORMATION FOR TENNESSEE RESIDENTS

This collection agency is licensed by the Collection Service Board of the State Department of Commerce and Insurance.

## ADDITIONAL INFORMATION FOR WISCONSIN RESIDENTS

This collection agency is licensed by the Division of Banking, P.O. Box 7876, Madison, Wisconsin 53707.

## NOTICE TO ALL CONSUMERS

Our staff is trained to conduct themselves in a businesslike and professional manner, and to leave you with a positive experience in dealing with our Company. Please call (866) 438-2860 with your criticisms, complaints, suggestions and compliments. You may also enter them online at www.fin-rec.com. When you provide a check as payment, you authorize us either to use information from your check to make a one-time electronic fund transfer from your account or to process the payment as a check transaction.